

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| SHASTA PARTEE, *and all other occupants*, § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> POWER PROPERTIES, § <br> Defendant. § | <br><br><br>Civil Action No. 3:23-04777-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION TO THE EXTENT
PROVIDED HEREIN, GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS,
AND DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIONS**

Plaintiff Shasta Partee (Partee), on behalf of herself and the other occupants of her apartment, filed this pro se action against Defendant Power Properties, alleging failure to give a reasonable accommodation, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, the Fair Housing Act (FHA), 42 U.S.C. § 3601, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*; discrimination of a sale or rent due to a disability; discriminating in the terms, conditions, or privileges of a rental; interference, coercion and intimidation; breach of contract; perjury; civil conspiracy to commit perjury and perjury by omission; and infliction of emotional distress and civil conspiracy to commit infliction of emotional distress.  The Magistrate Judge has also construed an FHA retaliation claim.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant Power Properties' motion to

dismiss and deny Partee's motions for preliminary injunctions. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 18, 2023. Partee objected on February 5, 2024. Power Properties replied on March 18, 2024. Partee filed a surreply on March 26, 2024.

Partee alleges she leased an apartment from Power Properties. When her year-long lease elapsed, her rental became month-to-month. About three months after that, Power Properties provided Partee with a thirty-day notice to vacate, stating Power Properties was unwilling to renew the lease.

Partee claims Power Properties attempted to end her tenancy because of her son's disability. Her son suffers from several mental illnesses, including genetic low dopamine disorder, explosive disorder, emotional regulation issues, and attachment disorder. This results in a difficulty in regulating emotions, including difficult-to-control, intense anger. In the months before Partee's original lease expired, her son attempted suicide by jumping off the third story balcony. Her son survived the fall, and in the moments after "became paranoid and manic and ran." Complaint at ¶ 11.

Partee alleges her son had entered a mental health crisis after a family member had died a few months previously. Power Properties also stated it had received complaints from other tenants about Partee's son.

Partee alleges, after she received the notice to vacate, she asked for an accommodation for more time to vacate so her son could be seen by his medical provider for a medication adjustment. Although Power Properties declined her request for thirty to sixty extra days, it did provide a fourteen-day courtesy extension.

After Partee received the notice to vacate, she alleges she filed a fair housing complaint against Power Properties. She also claims Power Properties forced her to pay rent early, removed her ability to pay online, and delayed maintenance and safety checks.

Although Partee and her family remain in their apartment, Partee maintains the threat of eviction still looms.

In large part, Partee makes nothing more than non-specific objections to the Report. Nevertheless, in an abundance of caution, the Court has reviewed the Report and the record de novo and found no error. The Court will address her specific arguments below.

Partee objects to the Magistrate Judge's recommendation of dismissal of her FHA failure to accommodate claim for several reasons.

Under the FHA, a landlord must provide an accommodation for a person with a disability if it is "is (1) reasonable and (2) necessary (3) to afford [the disabled person] equal opportunity to use and enjoy housing." *Bryant Woods Inn, Inc. v. Howard Cnty., Md.*, 124 F.3d 597, 603 (4th Cir. 1997).

First, Partee posits she has stated a claim Power Properties denied a reasonable, necessary accommodation. Power Properties contends the requested accommodation would fail to remedy the issue and is thus unnecessary.

As the Court mentioned, Partee alleges she requested a delay in her removal to allow her son to obtain treatment. As the Magistrate Judge discussed, Partee has failed to allege the treatment would "directly ameliorate the effect of her son's mental impairments." Report at 22 (citing *Bryant Woods Inn, Inc.*, 124 F.3d at 604 ("[I]f the proposed accommodation provides no direct amelioration of the disability's effect, it cannot be said to be 'necessary'")). In other words, there are no allegations that time would be enough to ensure the safety of Power Properties' other residents.

The Court will thus overrule this objection.

Next, Partee contends Power Properties failed to engage in the interactive process to find an appropriate accommodation. Power Properties avers the interactive process requirement is inapplicable in the FHA context.

As the Magistrate Judge discussed, the Fourth Circuit has yet to address this issue. The circuit courts that have addressed it, however, have held the FHA lacks an interactive process requirement. *See, e.g.*, *Lapid-Laurel, L.L.C. v. Zoning Bd. of Adjustment of Twp. of Scotch Plains*, 284 F.3d 442, 446 (3d Cir. 2002) ("We resolve the first claim . . . by declining to extend the 'interactive process' requirement that exists in the employer-employee context of the Rehabilitation Act to the housing and land use context of the [FHA].").

The Court will thus overrule this objection, too.

Because the Court's discussion of the above objections is dispositive, the Court need not discuss Partee's other objections as to her FHA failure to accommodate claim. *See Karsten v.*

4

*Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta."). The Court will thus dismiss Partee's FHA failure to accommodate claim.

As to Partee's retaliation claim, she contends the Magistrate Judge failed to recognize her request for a reasonable accommodation as a protected activity. She also avers the Magistrate Judge omitted a retaliatory action from her discussion.

The Court determines Partee's retaliation claim is best adjudicated at the summary judgment stage. The Court will thus sustain Partee's objections as to this claim.

As to Partee's discriminatory terms and conditions claim, she claims her allegations Power Properties required her to pay prior to rent being due suffice to state a claim. Power Properties maintains it failed to take "any action, including changing the terms or conditions of [Partee's] housing contract, because of her son's disabilities." Reply at 5 (quoting Report at 22).

The Magistrate Judge recognized Partee's complaint included a discriminatory terms and conditions cause of action, but determined the claim fails for the same reasons as her failure to accommodate claim.

The Court determines Partee's discriminatory terms and conditions claim warrants more discussion. Because Partee's retaliation claim will move forward, the Court will defer that discussion until either Partee files amending pleadings—which the Court will discuss below—or until the summary judgment stage. The Court will thus sustain Partee's objections as to this claim, too.

As to Partee's intentional infliction of emotional distress claim, she insists the Magistrate Judge erred in determining Partee failed to allege Power Properties' conduct was "so extreme and

5

outrageous as to exceed all possible bounds of decency and . . . regarded as atrocious, and utterly intolerable in a civilized community." Report at 30–31 (quoting *Ford v. Hutson*, 276 S.E.2d 776, 778 (S.C. 1981)).

Partee alleges Power Properties intentionally disregarded her rights, filed multiple unjustified evictions against her; refused to hold eviction proceedings in abeyance during her son's treatment; reduced services to her home; refused to perform mandatory safety inspections; ignored and laughed at her requests for services; failed to attempt to remove eviction proceedings from Partee's credit report and public records, thus limiting her housing options; humiliated her and her son by placing eviction notices on her door and accusing her son of being the cause; forcing her to miss work and time with family to defend against these claims and spend eighty hours per month on legal matters.

Although Partee's list of accusations is long, none of her allegations, together or separately, rise to the level of "utterly intolerable in a civilized community." *See Hartsell v. Duplex Prod., Inc.*, 123 F.3d 766, 774 (4th Cir. 1997) (reasoning "inconsiderate and insulting" behavior is insufficient to rise to the level of an IIED claim. (applying is a similarly-worded North Carolina statute) (internal quotation marks omitted)).

Accordingly, the Court will overrule this objection, as well.

Further, Partee argues the Magistrate Judge erred in recommending denial of her preliminary injunction motions. Although the Court will allow Partee's retaliation and discriminatory terms and conditions claims to move forward, for the reasons stated in the Report, the Court is unable to determine her case is likely to succeed on the merits going forward. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (explaining to obtain a preliminary

6

injunction, the plaintiff must demonstrate, among other things, "that [s]he is likely to succeed on the merits").

Moreover, Partee avers she will suffer homelessness if evicted from her home. She has failed to show, however, that she would be unable to find housing elsewhere, especially given the time she has had to look. Accordingly, she has also neglected to show "[s]he is likely to suffer irreparable harm in the absence of preliminary relief[.]" *Id.*

The Court will therefore overrule these objections, as well, and will deny the motions for preliminary injunction.

Finally, Power Properties asks the Court to award attorney fees and costs in this matter. The Report fails to address this issue, and Power Properties neglected to object to that omission. Given Partee's pro se status and that her retaliation and discriminatory terms and conditions claims will move forward, the Court determines an award of attorney fees is inappropriate here.

The Court will therefore refrain from awarding attorney fees and costs in this matter.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objections except as described above, adopts the Report to the extent it does not contradict this order, and incorporates it herein.

Therefore, it is the judgment of the Court Power Properties' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**, and Partee's motions for preliminary injunctions are **DENIED**. Partee's claims, apart from her retaliation and discriminatory terms and conditions causes of action, are **DISMISSED WITHOUT PREJUDICE**.

If she wishes to, however, Partee may amend her complaint to correct the causes of action for which she fails to state a claim no later than **June 21, 2024**.

Whether to dismiss a complaint with or without prejudice for failure to state a claim is within the discretion of the district court. *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985). Courts, however, "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Dismissal with prejudice should be reserved for complaints with deficiencies that are "truly incurable[.]" *McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009) (abrogated on other grounds). The Court is unable to determine Partee's complaint truly incurable.

An amended complaint would replace the original complaint in this matter, and thus should include all facts and claims she wishes to pursue, including those related to her retaliation and discriminatory terms and conditions causes of action. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." (citation and internal quotation marks omitted)).

If Partee fails to file an amended complaint, this case will move forward as to her retaliation and discriminatory terms and conditions claims only.

This case is **REFERRED BACK** to the Magistrate Judge.

**IT IS SO ORDERED**.

Signed this 23rd day of May 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.